UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-50876
Summary Calendar
_____


JOSEPH LOUIS TOVAR; ANDREA DE LA CRUZ;
LEO SALAS;

                                    Plaintiffs-Appellants,


MICHAEL D. BERNARD; LUIS R. VERA, JR.,

                                    Appellants,

                        versus

STEVEN C. HILBIG ET AL.,

                                    Defendants,

STEVEN C. HILBIG;
BEXAR COUNTY;

                                    Defendants-Appellees.

_____

Appeal from the United States District Court for the
Western District of Texas
(SA-95-CV-384)
_____
August 8, 1997

Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

    This Court must examine the basis of its jurisdiction on its

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

own motion if necessary.  <u>Mosley v. Cozby</u>, 813 F.2d 659, 660 (5th Cir. 1987).  "Where neither the order appealed from nor related portions of the record reflect an intent by the district judge to enter a partial final judgment, [this Court] refuse[s] to consider the order appealable as a final judgment."  <u>Kelly v. Lee's Old Fashioned Hamburgers, Inc.</u>, 908 F.2d 1218, 1219-20 (5th Cir. 1990) (en banc).

The district court's award of attorney fees as sanctions is treated as an interlocutory order in this circuit.  <u>Schaffer v. Iron Cloud, Inc.</u>, 865 F.2d 690, 691-92 (5th Cir. 1989).  The plaintiffs have not shown cause for an exception to this general rule.  Accordingly, we DISMISS the appeal for lack of jurisdiction because the district court did not enter a final and appealable judgment in this case.

APPEAL DISMISSED.